Receipt number AUSFCC-11277442

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LANDON BELL,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,

       Defendant.

Case No. ___26-778___ C

## COMPLAINT

### NATURE OF THE CASE

1. Plaintiff Lieutenant Landon K. Bell, USN (Ret.) ("LT Bell") served honorably on active duty in the United States Navy from May 25, 2007, following his graduation from the United States Naval Academy, through July 26, 2016. For most of his service, LT Bell was a Special Operations Explosive Ordnance Disposal ("EOD") Officer. He applied for Combat-Related Special Compensation ("CRSC") benefits pursuant to the CRSC statute, 10 U.S.C. § 1413a. On March 17, 2025, the United States Navy ("Navy") awarded LT Bell CRSC benefits at a combined combat-related rating of 80%.

2. On March 17, 2025, the Navy issued a decision granting LT Bell CRSC for several conditions, for a total combined CRSC rating of 80%, but in the decision, the effective date for retroactive CRSC award for the granted conditions was limited to a maximum of six years prior to the date of his initial application, not back to the first date he met the eligibility requirements. The Navy erroneously applied the Barring Act's six-year statute of limitations, 31 U.S.C. Section 3702(b). The Navy's application of the Barring Act squarely conflicts with the unanimous Supreme Court decision in Soto v. United States, 605 U.S. 360 (2025). LT Bell was denied

1

substantial CRSC benefits to which he is entitled due to the Navy's unlawful application of the Barring Act's six-year statute of limitations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), because LT Bell is seeking non-tort monetary relief against the United States.

4.      This action arises under 10 U.S.C. § 1413a, which is a money-mandating provision requiring payment of CRSC for qualifying combat-related disabilities.

5.      Venue is proper per 28 U.S.C. § 1391(e)(1).

6.      In accordance with 28 U.S.C. § 2501, this action is brought within six years of March 17, 2025, the date of the Navy's initial decision that improperly applied a cap on LT Bell's retroactive CRSC benefits.

## PARTIES

7.      LT Bell is a decorated veteran of the Navy who served on active duty honorably for nine years, including deployments to Afghanistan, the Persian Gulf region, Iraq, and Honduras. He was medically retired for permanent disability and honorably discharged from service on July 26, 2016.

8.      The Defendant is the United States of America, acting by and through the Department of Defense and the Navy.

## STATUTORY FRAMEWORK

9.      The CRSC statute provides eligibility to veterans who are "entitled to retired pay" and who have "a combat-related disability." 10 U.S.C. § 1413a(c)(1), (2).

10.      The CRSC statute defines a "combat-related disability" as a disability compensable by the Secretary of Veterans Affairs (VA) that is attributable to an injury for which the member was awarded the Purple Heart; or was incurred (i) as a direct result of armed conflict; (ii) while

engaged in hazardous service; (iii) in the performance of duty under conditions simulating war; or (iv) through an instrumentality of war. 10 U.S.C. § 1413a(e).

11. Medically retired veterans became eligible for CRSC on January 1, 2008. National Defense Authorization Act for Fiscal Year 2008, § 641, 122 Stat. 156. The CRSC statute sets forth how to determine the monthly amount of CRSC payments to which an eligible claimant is entitled. Specifically, "the monthly amount to be paid . . . for any month is the amount of compensation to which the retiree is entitled under title 38 for that month, determined without regard to any disability of the retiree that is not a combat-related disability." 10 U.S.C. § 1413a(b)(1).

12. Pursuant to the CRSC statute, for medically retired veterans, the effective date for CRSC benefits is the later of January 1, 2008, their date of retirement, or the date of the qualifying VA disability award. (*See* 2008 CRSC Program Guidance).

13. There is no statute of limitations in 10 U.S.C. § 1413a.

14. In its March 17, 2025 decision regarding LT Bell's CRSC application, the Navy cited the Barring Act, 31 U.S.C. § 3702(b), as authority for applying a six-year statute of limitations to the effective date of LT Bell's CRSC award, capping the amount of his retroactive CRSC benefits.

**LT BELL'S MILITARY SERVICE**

15. LT Bell attended the United States Naval Academy between 2003 and 2007 and served on active duty in the Navy from May 25, 2007 until July 26, 2016.

16. During his naval service, LT Bell completed specialized training and qualification programs required for service in an explosive ordnance disposal ("EOD") role.

17. LT Bell subsequently served as an EOD officer, including in leadership positions, and was promoted to the rank of Lieutenant in June 2011.

18.    Between 2012 and 2015, LT Bell deployed in support of overseas contingency operations, including deployments to Afghanistan, the Persian Gulf region, Iraq, and Honduras.

19.    While deployed, LT Bell was exposed to combat conditions and other circumstances inherent in armed conflict and contingency operations.

20.    In recognition of his performance and service, LT Bell received multiple military awards and commendations during his career.

21.    LT Bell's duties during these deployments included operational, training, and leadership responsibilities conducted in hazardous environments.

22.    As a result of his service, LT Bell sustained service-connected injuries and conditions for which he later sought disability retirement and related benefits.

23.    On July 26, 2016, LT Bell was medically retired for permanent disability and honorably discharged from the Navy.

**PROCEDURAL HISTORY OF LT BELL'S CRSC CLAIM AND ALLEGATIONS**

24.    On October 12, 2023, LT Bell filed an application with the Navy requesting CRSC benefits. He met the statutory eligibility requirements in August 2016, the first full month he was both medically retired and granted service connection.

25.    On March 17, 2025, the Navy issued a decision on LT Bell's CRSC claim. Although the Navy granted CRSC benefits, it improperly limited LT Bell's retroactive CRSC benefits to November 2017. Shortly after the Navy issued its decision on LT Bell's CRSC claim, the United States Supreme Court ruled unanimously in *Soto v. United States* ("*Soto*") that the Barring Act's six-year statute of limitations does not apply to CRSC claims. 605 U.S. 360 (2025).

26.    LT Bell was medically retired effective July 26, 2016.  He was service connected for multiple disabilities the same day. The conditions granted CRSC, effective November 2017, with ratings of 10% or higher are 1) Plantar Fasciitis and PES Cavus with Hammer Toes, Bilateral,

2) Adjustment Disorder with Anxiety, with Unspecified Depressive and Insomnia Disorders, 3) Right Ankle Tendonitis with Shin Splints, 4) Lumbosacral Strain, 5) Tinnitus, and 6) Scars to Right Face and Eyelid. LT Bell was entitled to CRSC at a rating of 80% starting the following first full month, August 2016.

27. The Navy's application of the Barring Act to limit retroactive benefits to November 2017, which is inconsistent with *Soto*, deprived LT Bell of fifteen months of retroactive CRSC benefits at a combined rating of 80%.

28. In granting CRSC, the Navy determined that LT Bell suffered from multiple combat-related disabilities and assigned an overall combat-related disability rating. By doing so, the Navy expressly found that LT Bell satisfied the statutory and regulatory criteria for CRSC eligibility. Accordingly, LT Bell's entitlement to CRSC is not in dispute.

29. The sole issue in dispute is LT Bell's eligibility date, which the Navy incorrectly limited to six years from the date of his application and declared to be November 2017. This squarely conflicts with the unanimous *Soto* decision that the six-year statute of limitations in the Barring Act does not apply to CRSC claims like LT Bell's.

**THE NAVY'S APPLICATION OF THE SIX-YEAR STATUTE OF LIMITATIONS IS ARBITRARY, CAPRICIOUS, UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND CONTRARY TO LAW**

**(28 U.S.C. § 1491(A)(1); 10 U.S.C. § 1413A)**

30. Plaintiff incorporates by reference all preceding allegations as though fully stated herein.

31. Per *Soto*, "the CRSC statute clearly authorizes the Secretary concerned to determine CRSC claimants' eligibility according to specific criteria, and <u>those criteria say nothing about time limits</u>." *Soto* at 372 (emphasis added).

32.     In its 9-0 decision, the U.S. Supreme Court held that the Barring Act's six-year cap does not apply to retroactive CRSC benefits. *Soto* at 374-375. In so doing, the Court noted that "where, as here, the statutory scheme involves a small group of particularly deserving claimants, it is not extraordinary to think that Congress wished to forgo a limitations period." *Soto* at 371.

33.     The Navy's decision to apply a six-year cap on LT Bell's retroactive CRSC benefits is arbitrary, capricious, unsupported by substantial evidence and, most importantly, contrary to law.

34.     The Navy itself acknowledges the impact of the *Soto* decision on claims such as LT Bell's. Per the Navy's own website as of the date of this complaint, "the Navy will not apply the Barring Act to limit CRSC compensation."[1] The Navy's determination in LT Bell's claim thus contradicts its own acknowledgement of the impact of the holding in the *Soto* decision.

35.     LT Bell is entitled to retroactive CRSC benefits as of August 2016, the first full month he was both medically retired and granted service connection. The Navy denied LT Bell a substantial portion of his rightful CRSC compensation to which he is entitled under 10 U.S.C. § 1413a.

36.     Any further delay in receiving the retroactive CRSC benefits to which he is entitled would cause a significant detriment to LT Bell.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant and award the following relief:

a.      Enter judgment against Defendant, (i) finding that the decision denying LT Bell's request for full CRSC benefits as of November 2017 on the basis of the Barring Act was arbitrary and capricious, unsupported by substantial evidence, and/or contrary to applicable law and (ii) ordering Defendant to

---

[1] *See* https://www.secnav.navy.mil/mra/CORB/Pages/CRSCB/Soto.aspx (last viewed April 10, 2026).

6

adjust LT Bell's CRSC eligibility date to August 2016 and pay him the retroactive CRSC benefits from that date;

b.      Alternatively, remand this case for further proceedings consistent with the *Soto* decision, instructing the Navy not to apply the Barring Act and to correctly grant CRSC to LT Bell retroactive to August 2016;

c.      Award LT Bell interest, costs and reasonable attorneys' fees; and

d.      Grant any other relief the Court deems proper.

Dated: May 27, 2026

Respectfully submitted,

Robert A. Rich
Hunton Andrews Kurth LLP
200 Park Avenue
Floor 52
New York, NY 10166
rrich@Hunton.com

Rochelle Bobroff
National Veterans Legal Services Program
1100 Wilson Blvd, Suite 900
Arlington, VA 22209
(202) 621-5709
rochelle@nvlsp.org

*Counsel for Plaintiff*

8